UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MASON MAYES, on behalf of himself and
others similarly situated,

      CASE NO.:

   Plaintiff,

vs.

JB XTREME TOWING LLC and
JOHN BROWN, Individually

   Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MASON MAYES ("Plaintiff"), on behalf of himself and all others similarly situated, by and through undersigned counsel, sues the Defendants, JB XTREME TOWING LLC and JOHN BROWN, Individually ("Defendants"), and allege as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## **PARTIES**

3. Plaintiff, MASON MAYES is a resident of Hillsborough County, Florida at all times material and worked for Defendants in this Juridical District during the applicable statute of limitations.

4. Defendant, JB XTREME TOWING LLC, is a Florida company authorized and doing business in this Judicial District.

5. Defendant, JB XTREME TOWING LLC, is an employer within the meaning of 29 U.S.C. s. 203(d) and subject to the Fair Labor Standards Act because it is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce or in the production of good for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and because it has an annual gross volume of sales made or business done greater than $500,000.00.

6. At all times material hereto Defendant, JOHN BROWN, was an officer of the Defendant's company and had direct responsibility and control over the compensation paid to employees of the organization and directly responsible for the violations of the FLSA alleged herein.

7. At all times material herein, Plaintiff was a non-exempt employee of Defendants, pursuant to 29 U.S.C. §203€(1).

8. As part of Plaintiff's duties for the Defendant, Plaintiff regularly

engaged in commerce or in the production of goods for commerce, or activities which are closely related and directly essential to the production of goods for commerce and therefore, entitled to the protections provided by the FLSA.

## FACTUAL ALLEGATIONS

9. Plaintiff, MASON MAYES, was employed with Defendants as a full-time driver, from 2022 until June 2025, and averaged $1,100.00 per week in pay.

10. Throughout Plaintiff's employment, Plaintiff was required to work over 40 hours a week and was not compensated at the rate of at least one and a half times his regular hourly rate of pay pursuant to the Fair Labor Standards Act (FLSA) for all hours worked over forty (40) in the work week.

11. Plaintiff was not exempt from the overtime provisions of the FLSA. In fact, Plaintiff is entitled to overtime compensation for all overtime hours worked under the FLSA.

12. Defendant refused to pay Plaintiff, and all others similarly situated, for the hours worked.

13. Plaintiff has retained the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT ("FLSA") – OVERTIME

14. Plaintiff realleges paragraphs one (1) through thirteen (13) as set forth fully herein.

15. The employment of Plaintiff provided for a forty (40) hour work week but throughout his respective employment Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

16. At all times material, Defendants failed to comply with 29 U.S.C. § 201 *et seq.*, in that Plaintiff and all others similarly situated worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate Plaintiff and all others similarly situated at the rate of time and one-half their regular rate of pay for the hours worked over forty (40) in a work week.

17. At all times material, Defendants failed to comply with 29 U.S.C. § 201, *et seq*, in that Defendants failed to pay Plaintiff and all others similarly situated any and all overtime worked on the regularly scheduled pay date.

18. Defendants' failure to pay Plaintiff the required overtime pay was knowing, intentional and willful.

19. As a direct and legal consequence of Defendants' unlawful acts, Plaintiff and all others similarly situated have suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, MASON MAYES, on behalf of himself and all others similarly situated, respectfully request all legal and equitable relief allowed by law, including but not limited to:

    a.  judgment against Defendants, JB EXTREME TOWING LLC, and JOHN BROWN, Individually, for overtime compensation, liquidated damages, prejudgment interest;

    b.  payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim:

    c.  equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy; and

    d.  such other relief as the Court may deem just and proper.

## COUNT II
## FAIR LABOR STANDARDS ACT
## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirteen (13).

21. The claim for violation of the FLSA is brought pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiff, on behalf of himself and all others similarly-situated, because Plaintiff's claims are similar to the claims of the members of the prospective class.

22. At all times material, Defendants failed to comply with 29 U.S.C. § 201 *et seq.*, in that individuals similarly-situated to Plaintiff worked for Defendants in excess of the maximum hours allowed by law, but no provision was made by

Defendants to compensate such individuals at the rate of time and one-half their regular rate of pay for the overtime hours worked over forty in the workweek.

23. Plaintiff, and all others similarly situated, allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendants in hourly, non-exempt positions during the applicable statute of limitations, who have not been compensated at one and one-half times their regular rate of pay for all overtime hours worked and/or who have not been compensated at one and one-half times their regular rate of pay of all overtime hours worked on their regularly scheduled pay date.

24. The putative class members are current, former, and future hourly, non-exempt employees of Defendants who worked in hourly positions subject to Defendant's refusal to pay Plaintiff, and all others similarly situated, for periods of time between towing jobs.

25. Treatment of this case as a collective action is proper because all putative class members were subject to the same policies and practices related to their compensation as employees of Defendant.

26. The names and addresses of the putative class members are available from Defendants for the purpose of providing notice to prospective class members in a form and manner to be approved by the Court.

27. Defendants failure to pay such similarly-situated individuals the required overtime pay was intentional and willful.

28. As a direct and legal consequence of Defendants unlawful acts, individuals similarly-situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, MASON MAYES, individually and on behalf of all others similarly-situated, respectfully requests all legal and equitable relief allowed by law including, but not limited to:

a. Designation of this action as a collective action on behalf of Plaintiff and all others similarly-situated;

b. Judgment against Defendants for overtime compensation, liquidated damages, and prejudgment interest;

c. Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

d. An adjudication on the merits of the case; and

e. Such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

33. Plaintiff requests a jury trial on all issues so triable.

Dated this 16th day of October, 2025.

FLORIN | GRAY

*/s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
Primary: MBouzas@floringray.com
Secondary: angela@floringray.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
WFlorin@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Counsel for Plaintiff